```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

QUALITY HOLDINGS OF FLORIDA, INC.,

     Plaintiff,
v.                                Case No. 8:13-cv-914-T-33AEP

UNDERWRITERS AT LLOYD'S LONDON,
SYNDICATE 4242,

     Defendant.
_____/

**ORDER**

This cause is before the Court sua sponte. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, Federal Courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a

case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

**Diversity Jurisdiction**

It is axiomatic that "for federal diversity jurisdiction to attach, all parties must be completely diverse and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).[1] A corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In this insurance case concerning coverage for sinkhole damage, it appears that both the Plaintiff insured and the Defendant insurer are corporate entities. The Complaint, filed on April 11, 2013, indicates that Plaintiff is "a Florida corporation" but does not state Plaintiff's principal place of business. (Doc. # 1 at ¶ 2). In addition, the Complaint does not contain information about Defendant's state of incorporation and principal place of business. Rather, the Complaint simply alleges that Defendant is "a Foreign

---

[1] Here, the Complaint alleges that the jurisdictional amount of $75,000.00 has been satisfied. (Doc. # 1 at ¶ 1).

2

corporation whose principal place of business is located outside of the State of Florida." (Id. at ¶ 3). The Court requires more information to assure itself that it has jurisdiction over this matter. Accordingly, Plaintiff is directed to file an Amended Complaint by May 17, 2013, containing detailed jurisdictional allegations. Failure to do so may result in the Court dismissing this action without prejudice on the basis of lack of subject matter jurisdiction.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff is directed to file an Amended Complaint by **May 17, 2013**, containing detailed jurisdictional allegations. Failure to do so may result in the Court dismissing this action without prejudice on the basis of lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of April, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

3